UNITED STATES BANKRUPTCY COURT
**NORTHERN DISTRICT OF ILLINOIS**

**VOLUNTARY PETITION**

| Name of Debtor (if individual, enter Last, First, Middle): **THOMPSON, GLEN MICHAEL** | Name of Joint Debtor (Spouse) (Last, First, Middle): |
|---|---|
| All Other Names used by the Debtor in the last 8 years (include married, maiden, and trade names): | All Other Names used by the Joint Debtor in the last 8 years (include married, maiden, and trade names): |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN)/Complete EIN (if more than one, state all):   0397 | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN)/Complete EIN (if more than one, state all): |
| Street Address of Debtor (No. and Street, City, and State): **808 THIRD AVENUE** **MORRIS, Illinois**                    ZIP CODE **60450** | Street Address of Joint Debtor (No. and Street, City, and State):                    ZIP CODE |
| County of Residence or of the Principal Place of Business: **GRUNDY** | County of Residence or of the Principal Place of Business: |
| Mailing Address of Debtor (if different from street address):                    ZIP CODE | Mailing Address of Joint Debtor (if different from street address):                    ZIP CODE |
| Location of Principal Assets of Business Debtor (if different from street address above):                    ZIP CODE | |

| **Type of Debtor** (Form of Organization) (Check one box.) | **Nature of Business** (Check one box.) | **Chapter of Bankruptcy Code Under Which the Petition is Filed** (Check one box.) |
|---|---|---|
| [x] Individual (includes Joint Debtors) *See Exhibit D on page 2 of this form.*<br>[ ] Corporation (includes LLC and LLP)<br>[ ] Partnership<br>[ ] Other (If debtor is not one of the above entities, check this box and state type of entity below.) | [ ] Health Care Business<br>[ ] Single Asset Real Estate as defined in 11 U.S.C. § 101(51B)<br>[ ] Railroad<br>[ ] Stockbroker<br>[ ] Commodity Broker<br>[ ] Clearing Bank<br>[ ] Other | [ ] Chapter 7      [ ] Chapter 15 Petition for Recognition of a Foreign Main Proceeding<br>[ ] Chapter 9<br>[ ] Chapter 11<br>[ ] Chapter 12      [ ] Chapter 15 Petition for Recognition of a Foreign Nonmain Proceeding<br>[x] Chapter 13 |

| **Chapter 15 Debtors** Country of debtor's center of main interests:<br><br>Each country in which a foreign proceeding by, regarding, or against debtor is pending: | **Tax-Exempt Entity** (Check box, if applicable.)<br><br>[ ] Debtor is a tax-exempt organization under title 26 of the United States Code (the Internal Revenue Code). | **Nature of Debts** (Check one box.)<br>[x] Debts are primarily consumer debts, defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."     [ ] Debts are primarily business debts. |

| **Filing Fee** (Check one box.) | **Chapter 11 Debtors** |
|---|---|
| [x] Full Filing Fee attached.<br><br>[ ] Filing Fee to be paid in installments (applicable to individuals only). Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.<br><br>[ ] Filing Fee waiver requested (applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B. | Check one box:<br>[ ] Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).<br>[ ] Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).<br><br>Check if:<br>[ ] Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,490,925 (*amount subject to adjustment on 4/01/16 and every three years thereafter*).<br>- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -<br>Check all applicable boxes:<br>[ ] A plan is being filed with this petition.<br>[ ] Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b). |

| **Statistical/Administrative Information** | **THIS SPACE IS FOR COURT USE ONLY** |
|---|---|
| [x] Debtor estimates that funds will be available for distribution to unsecured creditors.<br>[ ] Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors. | |

Estimated Number of Creditors

| [x] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] |
|---|---|---|---|---|---|---|---|---|---|
| 1-49 | 50-99 | 100-199 | 200-999 | 1,000-5,000 | 5,001-10,000 | 10,001-25,000 | 25,001-50,000 | 50,001-100,000 | Over 100,000 |

Estimated Assets

| [x] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] |
|---|---|---|---|---|---|---|---|---|---|
| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |

Estimated Liabilities

| [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] |
|---|---|---|---|---|---|---|---|---|---|
| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |

| **Voluntary Petition** *(This page must be completed and filed in every case.)* | Name of Debtor(s): THOMPSON, GLEN MICHAEL |
|---|---|

**All Prior Bankruptcy Cases Filed Within Last 8 Years** (If more than two, attach additional sheet.)

| Location Where Filed: **NONE** | Case Number: | Date Filed: |
|---|---|---|
| Location Where Filed: | Case Number: | Date Filed: |

**Pending Bankruptcy Case Filed by any Spouse, Partner, or Affiliate of this Debtor** (If more than one, attach additional sheet.)

| Name of Debtor: **NONE** | Case Number: | Date Filed: |
|---|---|---|
| District: | Relationship: | Judge: |

| **Exhibit A** | **Exhibit B** |
|---|---|
| (To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.)<br><br>☐  Exhibit A is attached and made a part of this petition. | (To be completed if debtor is an individual whose debts are primarily consumer debts.)<br><br>I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter.  I further certify that I have delivered to the debtor the notice required by 11 U.S.C. § 342(b).<br><br>X   **s/James M. Durkee        July 21, 2014**<br>Signature of Attorney for Debtor(s)        (Date)<br>**Bar No.: 6296297** |

**Exhibit C**

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐  Yes, and Exhibit C is attached and made a part of this petition.

☐  No.

**Exhibit D**

(To be completed by every individual debtor.  If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

☒  Exhibit D, completed and signed by the debtor, is attached and made a part of this petition.

If this is a joint petition:

☐  Exhibit D, also completed and signed by the joint debtor, is attached and made a part of this petition.

**Information Regarding the Debtor - Venue**
(Check any applicable box.)

☒  Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☐  There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

☐  Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

**Certification by a Debtor Who Resides as a Tenant of Residential Property**
(Check all applicable boxes.)

☐  Landlord has a judgment against the debtor for possession of debtor's residence.  (If box checked, complete the following.)

_____
(Name of landlord that obtained judgment)

_____
(Address of landlord)

☐  Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

☐  Debtor has included with this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

☐  Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(l)).

| Voluntary Petition |
|---|
| *(This page must be completed and filed in every case.)* |

**Signatures**

| Signature(s) of Debtor(s) (Individual/Joint) | Signature of a Foreign Representative |
|---|---|

I declare under penalty of perjury that the information provided in this petition is true and correct.
[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.
[If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. § 342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X **s/GLENN MICHAEL THOMPSON**
Signature of Debtor      **GLEN MICHAEL THOMPSON**

X _____
Signature of Joint Debtor

Telephone Number (if not represented by attorney)
**July 21, 2014**
Date

I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.

(Check only **one** box.)

☐ I request relief in accordance with chapter 15 of title 11, United States Code. Certified copies of the documents required by 11 U.S.C. § 1515 are attached.

☐ Pursuant to 11 U.S.C. § 1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.

X _____
(Signature of Foreign Representative)

_____
(Printed Name of Foreign Representative)

_____
Date

| Signature of Attorney* | Signature of Non-Attorney Bankruptcy Petition Preparer |
|---|---|

X **s/James M. Durkee**
Signature of Attorney for Debtor(s)
**James M. Durkee**
Printed Name of Attorney for Debtor(s)
**Malmquist and Geiger**
Firm Name

**415 Liberty St.**
**Morris, Illinois 60450**
Address
**(815) 942-5072**
Telephone Number
**July 21, 2014**
Date
**Bar No.: 6296297**
**Fax: (815) 942-5072**
**E-mail: jimdurkee@mglawoffices.com**

*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect.

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached.

_____
Printed Name and title, if any, of Bankruptcy Petition Preparer

_____
Social-Security number (If the bankruptcy petition preparer is not an individual, state the Social-Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.) (Required by 11 U.S.C. § 110.)

_____
Address

X _____
Signature

_____
Date

| Signature of Debtor (Corporation/Partnership) | |
|---|---|

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests the relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _____
Signature of Authorized Individual

_____
Printed Name of Authorized Individual

_____
Title of Authorized Individual

_____
Date

Signature of bankruptcy petition preparer or officer, principal, responsible person, or partner whose Social-Security number is provided above.

Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual.

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156.*

B6A (Official Form 6A) (12/07)

**In re  GLEN MICHAEL THOMPSON,**                    **Case No.**  _____
                    **Debtor**                                                  **(If known)**

# SCHEDULE A - REAL PROPERTY

| DESCRIPTION AND LOCATION OF PROPERTY | NATURE OF DEBTOR'S INTEREST IN PROPERTY | Husband, Wife, Joint, or Community | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION | AMOUNT OF SECURED CLAIM |
|---|---|---|---|---|
| NONE | | | | |
| | | Total ▶ | $0.00 | |

(Report also on Summary of Schedules.)

B 6B  (Official Form 6B) (12/2007)

In re  **GLEN MICHAEL THOMPSON,** _____     Case No. _____
                                      Debtor                                                                                   (If known)

# SCHEDULE B - PERSONAL PROPERTY

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | Husband, Wife, Joint, Or Community | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 1. Cash on hand. | | CASH ON HAND | | $65.00 |
| 2. Checking, savings or other financial accounts, certificates of deposit or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | CREDIT UNION ACCOUNT--STREATOR ONIZED CREDIT UNION | | $25.00 |
| | | SAVINGS ACCOUNT--GRUNDY BANK | | $18.00 |
| 3. Security deposits with public utilities, telephone companies, landlords, and others. | X | | | |
| 4. Household goods and furnishings, including audio, video, and computer equipment. | | HOUSEHOLD GOODS FOR A FAMILY OF ONE | | $1,300.00 |
| | | MISCELLANEOUS BOOKS, PICTURES, OTHER ART OBJECTS | | $100.00 |
| 5. Books; pictures and other art objects; antiques; stamp, coin, record, tape, compact disc, and other collections or collectibles. | X | | | |
| 6. Wearing apparel. | | CLOTHING FOR FAMILY OF 1 | | $200.00 |
| 7. Furs and jewelry. | X | | | |
| 8. Firearms and sports, photographic, and other hobby equipment. | | MISCELANEOUS HOBBY EQUIPMENT | | $200.00 |
| | | MISCELLANEOUS TOOLS, EQUIPMENT AND SUPPLIES | | $150.00 |

B 6B  (Official Form 6B) (12/2007)

In re **GLEN MICHAEL THOMPSON,** _____    Case No. _____
_____**Debtor**_____    _____**(If known)**

# SCHEDULE B - PERSONAL PROPERTY
(Continuation Sheet)

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | Husband, Wife, Joint, Or Community | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 9. Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | X | | | |
| 10. Annuities. Itemize and name each issuer. | X | | | |
| 11. Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1). Give particulars. (File separately the record(s) of any such interest(s). 11 U.S.C. § 521(c).) | X | | | |
| 12. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give particulars. | X | | | |
| 13. Stock and interests in incorporated and unincorporated businesses. Itemize. | X | | | |
| 14. Interests in partnerships or joint ventures. Itemize. | X | | | |
| 15. Government and corporate bonds and other negotiable and nonnegotiable instruments. | X | | | |
| 16. Accounts receivable. | X | | | |
| 17. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | X | | | |
| 18. Other liquidated debts owed to debtor including tax refunds. Give particulars. | X | | | |
| 19. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule A – Real Property. | X | | | |
| 20. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |

B 6B  (Official Form 6B) (12/2007)

In re **GLEN MICHAEL THOMPSON,** _____    Case No. _____
                              **Debtor**                                    **(If known)**

# SCHEDULE B - PERSONAL PROPERTY
(Continuation Sheet)

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | Husband, Wife, Joint, Or Community | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 21. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | X | | | |
| 22. Patents, copyrights, and other intellectual property. Give particulars. | X | | | |
| 23. Licenses, franchises, and other general intangibles. Give particulars. | X | | | |
| 24. Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. § 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | X | | | |
| 25. Automobiles, trucks, trailers, and other vehicles and accessories. | | 2006 PONTIAC GRAND PRIX (65K MILES, KBB TRADE-IN VALUE, GOOD CONDITION) | | $6,081.00 |
| | | 2007 HARLEY DAVISON FAT BOY MOTORCYCLE (KBB TRADE-IN VALUE) | | $9,010.00 |
| 26. Boats, motors, and accessories. | X | | | |
| 27. Aircraft and accessories. | X | | | |
| 28. Office equipment, furnishings, and supplies. | X | | | |
| 29. Machinery, fixtures, equipment, and supplies used in business. | X | | | |
| 30. Inventory. | X | | | |
| 31. Animals. | X | | | |
| 32. Crops - growing or harvested. Give particulars. | X | | | |
| 33. Farming equipment and implements. | X | | | |
| 34. Farm supplies, chemicals, and feed. | X | | | |

B 6B  (Official Form 6B) (12/2007)

In re **GLEN MICHAEL THOMPSON,** _____    Case No. _____
                               **Debtor**                                  **(If known)**

# SCHEDULE B - PERSONAL PROPERTY
(Continuation Sheet)

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | Husband, Wife, Joint, Or Community | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 35. Other personal property of any kind not already listed. Itemize. | | PERSONAL 401(K) | | $4,200.00 |

_3_ continuation sheets attached    Total ▶

(Include amounts from any continuation sheets attached. Report total also on Summary of Schedules.)

| | |
|---|---|
| | $21,349.00 |

B6C (Official Form 6C) (04/13)

In re **GLEN MICHAEL THOMPSON,** _____        Case No. _____
_____                    **(If known)**
                      **Debtor**

# SCHEDULE C - PROPERTY CLAIMED AS EXEMPT

Debtor claims the exemptions to which debtor is entitled under:          ☐ Check if debtor claims a homestead exemption that exceeds
(Check one box)                                                                          $155,675.*
☐ 11 U.S.C. § 522(b)(2)
☐ 11 U.S.C. § 522(b)(3)

| DESCRIPTION OF PROPERTY | SPECIFY LAW PROVIDING EACH EXEMPTION | VALUE OF CLAIMED EXEMPTION | CURRENT VALUE OF PROPERTY WITHOUT DEDUCTING EXEMPTION |
|---|---|---|---|
| 2007 HARLEY DAVISON FAT BOY MOTORCYCLE (KBB TRADE-IN VALUE) | 735 ILCS 5/12-1001(c) | $1,655.00 | $9,010.00 |
| CASH ON HAND | 735 ILCS 5/12-1001(b) | $65.00 | $65.00 |
| CREDIT UNION ACCOUNT--STREATOR ONIZED CREDIT UNION | 735 ILCS 5/12-1001(b) | $25.00 | $25.00 |
| SAVINGS ACCOUNT--GRUNDY BANK | 735 ILCS 5/12-1001(b) | $18.00 | $18.00 |
| HOUSEHOLD GOODS FOR A FAMILY OF ONE | 735 ILCS 5/12-1001(b) | $1,300.00 | $1,300.00 |
| MISCELLANEOUS BOOKS, PICTURES, OTHER ART OBJECTS | 735 ILCS 5/12-1001(b) | $100.00 | $100.00 |
| CLOTHING FOR FAMILY OF 1 | 735 ILCS 5/12-1001(b) | $200.00 | $200.00 |
| MISCELANEOUS HOBBY EQUIPMENT | 735 ILCS 5/12-1001(b) | $200.00 | $200.00 |
| PERSONAL 401(K) | 11 USC § 522(b)(3)(C) | $4,200.00 | $4,200.00 |
| MISCELLANEOUS TOOLS, EQUIPMENT AND SUPPLIES | 735 ILCS 5/12-1001(b) | $150.00 | $150.00 |

\* _Amount subject to adjustment on 4/01/16, and every three years thereafter with respect to cases commenced on or after the date of adjustment._

**In re** GLEN MICHAEL THOMPSON_____,     Case No. _____
             **Debtor**                                              **(If known)**

## SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

☐   Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE AND AN ACCOUNT NUMBER (*See Instructions Above.*) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED, NATURE OF LIEN , AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| ACCOUNT NO. **7339** <br><br>**HARLEY DAVIDSON CREDIT CORP DEPT. 15129 PALATINE, IL 60055** | | | Purchase-Money Security Interest <br><br>**2007 HARLEY DAVISON FAT BOY MOTORCYCLE (KBB TRADE-IN VALUE)** <br> VALUE $    **$9,010.00** | | | | **$7,355.00** | |
| Additional Contacts for HARLEY DAVIDSON CREDIT CORP (7339): <br><br>**HARLEY DAVIDSON CREDIT 3850 ARROWHEAD LN. CARSON CITY, NV 89706** | | | | | | | | |
| ACCOUNT NO. <br>**HEIGHTS FINANCE 1145 ESSINGTON RD. JOLIET, IL 60435** | | | Nonpossessory, Nonpurchase-Money Security Interest <br><br>**HOUSEHOLD GOODS FOR A FAMILY OF ONE** <br> VALUE $    **$1,300.00** | | | | **$3,165.00** | |
| Additional Contacts for HEIGHTS FINANCE: <br><br>**HEIGHTS FINANCE CORP 7707 N. KNOXVILLE AVE. PEORIA, IL 61614** | | | | | | | | |

| ___**1**___ continuation sheets attached | Subtotal ▶ <br>(Total of this page) | $          **10,520.00** | $          **0.00** |
|---|---|---|---|
| | Total ▶ <br>(Use only on last page) | $ | $ |
| | | (Report also on Summary of Schedules.) | (If applicable, report also on Statistical Summary of Certain Liabilities and Related Data.) |

B 6D (Official Form 6D) (12/07) – Cont.

In re **GLEN MICHAEL THOMPSON**                    , Case No. _____
_____          (if known)
            **Debtor**

## SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE AND AN ACCOUNT NUMBER (*See Instructions Above.*) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED, NATURE OF LIEN , AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| ACCOUNT NO.<br>**NATIONWIDE LOANS**<br>**P.O. BOX 410635**<br>**CHICAGO, IL**<br>**60641-0635** | | | Nonpossessory, Nonpurchase-Money Security Interest<br><br>**HOUSEHOLD GOODS FOR A FAMILY OF ONE**<br>VALUE $        **$1,300.00** | | | | **$1,286.00** | |
| ACCOUNT NO.  5655<br>**SPRINGLEAF**<br>**2149 W. JEFFERSON ST.**<br>**JOLIET, IL 60435** | | | Nonpossessory, Nonpurchase-Money Security Interest<br><br>**HOUSEHOLD GOODS FOR A FAMILY OF ONE**<br>VALUE $        **$1,300.00** | | | | **$9,623.00** | |
| ACCOUNT NO.  2961<br>**STREATOR ONIZED CREDIT UNION**<br>**912 NORTH SHABBONA ST.**<br>**STREATOR, IL 61364** | | | Purchase-Money Security Interest<br><br>**2006 PONTIAC GRAND PRIX (65K MILES, KBB TRADE-IN VALUE, GOOD CONDITION)**<br>VALUE $        **$6,081.00** | | | | **$10,273.00** | **$4,192.00** |
| | | | | | | | | |
| | | | | | | | | |

Sheet no.__**1**__of__**1**__continuation
sheets attached to Schedule of
Creditors Holding Secured
Claims

Subtotal (s) ►
(Total(s) of this page)

$        **21,182.00**    $        **4,192.00**

Total(s) ►
(Use only on last page)

$        **31,702.00**    $        **4,192.00**

(Report also on          (If applicable, report also on
Summary of Schedules.)   Statistical Summary of Certain
                         Liabilities and Related Data.)

B 6E (Official Form 6E) (04/13)

**In re** __GLEN MICHAEL THOMPSON_____ ,   **Case No.**_____
Debtor   *(if known)*

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

☐  Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

TYPES OF PRIORITY CLAIMS (Check the appropriate box(es) below if claims in that category are listed on the attached sheets.)

☐ **Domestic Support Obligations**

   Claims for domestic support that are owed to or recoverable by a spouse, former spouse, or child of the debtor, or the parent, legal guardian, or responsible relative of such a child, or a governmental unit to whom such a domestic support claim has been assigned to the extent provided in 11 U.S.C. § 507(a)(1).

☐ **Extensions of credit in an involuntary case**

   Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(3).

☐ **Wages, salaries, and commissions**

   Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $12,475* per person earned within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

☐ **Contributions to employee benefit plans**

   Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(5).

☐ **Certain farmers and fishermen**

   Claims of certain farmers and fishermen, up to $6,150* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(6).

☐ **Deposits by individuals**

   Claims of individuals up to $2,775* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided.  11 U.S.C. § 507(a)(7).

☒ **Taxes and Certain Other Debts Owed to Governmental Units**

   Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

☐ **Commitments to Maintain the Capital of an Insured Depository Institution**

   Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution.  11 U.S.C. § 507 (a)(9).

☐ **Claims for Death or Personal Injury While Debtor Was Intoxicated**

   Claims for death or personal injury resulting from the operation of a motor vehicle or vessel while the debtor was intoxicated from using alcohol, a drug, or another substance.  11 U.S.C. § 507(a)(10).

*Amounts are subject to adjustment on 4/01/16, and every three years thereafter with respect to cases commenced on or after the date of adjustment.*

__2__ continuation sheets attached

B 6E (Official Form 6E) (04/13) – Cont.

In re  **GLEN MICHAEL THOMPSON**_____,        Case No. _____
                                    **Debtor**                                                                    **(if known)**

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS
### (Continuation Sheet)

### Taxes and Certain Other Debts Owed to Governmental Units  Type of Priority for Claims Listed on This Sheet

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER *(See instructions above.)* | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM | AMOUNT ENTITLED TO PRIORITY | AMOUNT NOT ENTITLED TO PRIORITY, IF ANY |
|---|---|---|---|---|---|---|---|---|---|
| Account No. _____ <br><br> **GRUNDY COUNTY STATE'S ATTORNEY'S OFFICE** <br> **111 E. WASHINGTON ST.** <br> **MORRIS, IL 60450** | | | **Fines** | | | | **$1,176.50** | **$1,176.50** | **$0.00** |
| **Additional Contacts for GRUNDY COUNTY STATE'S ATTORNEY'S OFFICE:** <br><br><br> **PIONEER CREDIT RECOVERY, INC.** <br> **197 SW WATERFORD CT.** <br> **LAKE CITY, FL 32025** | | | | | | | | | |
| Account No. _____ <br><br> **ILLINOIS DEPARTMENT OF REVENUE** <br> **BANKRUPTCY SECTION** <br> **P.O. BOX 64338** <br> **CHICAGO, IL 60664-0338** | | | **State Taxes** | | | | **$0.00** | **$0.00** | **$0.00** |

Sheet no. **1** of **2** continuation sheets attached to Schedule
of Creditors Holding Priority Claims

|  | Subtotals ► <br> (Totals of this page) | $ **1,176.50** | $ **1,176.50** | **$0.00** |
|---|---|---|---|---|
|  | Total ► <br> (Use only on last page of the completed Schedule E. Report also on the Summary of Schedules.) | $ | | |
|  | Totals ► <br> (Use only on last page of the completed Schedule E. If applicable, report also on the Statistical Summary of Certain Liabilities and Related Data.) | | $ | $ |

B 6E (Official Form 6E) (04/13) – Cont.

In re **GLEN MICHAEL THOMPSON**_____,    Case No. _____
　　　　　　**Debtor**    **(if known)**

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS
### (Continuation Sheet)

### Taxes and Certain Other Debts Owed to Governmental Units Type of Priority for Claims Listed on This Sheet

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER *(See instructions above.)* | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM | AMOUNT ENTITLED TO PRIORITY | AMOUNT NOT ENTITLED TO PRIORITY, IF ANY |
|---|---|---|---|---|---|---|---|---|---|
| Account No. _____ <br><br> **INTERNAL REVENUE SERVICE P.O. BOX 7346 PHILADELPHIA, PA 19101** | | | **Federal Taxes** | | | | **$2,679.00** | **$2,679.00** | **$0.00** |
| | | | | | | | | | |
| | | | | | | | | | |

Sheet no. __**2**__ of __**2**__ continuation sheets attached to Schedule of Creditors Holding Priority Claims

Subtotals▶ (Totals of this page) | $ **2,679.00** | $ **2,679.00** | **$0.00**

Total▶ (Use only on last page of the completed Schedule E.  Report also on the Summary of Schedules.) | $ **3,855.50**

Totals▶ (Use only on last page of the completed Schedule E.  If applicable, report also on the Statistical Summary of Certain Liabilities and Related Data.) | $ **3,855.50** | $ **0.00**

B 6F (Official Form 6F) (12/07)

In re **GLEN MICHAEL THOMPSON**_____, Case No. _____
   Debtor                                                        (if known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

☐ Check this box if debtor has no creditors holding unsecured claims to report on this Schedule F.

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER *See instructions above.* | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| **ACCOUNT NO.** <br><br> **ANN MARIE STRUCK DDS C/O CAPITAL ACCOUNTS P.O. BOX 140065 NASHVILLE, TN 37214** | | | Medical Services | | | | $249.00 |
| **ACCOUNT NO.** <br><br> **CREDIT ONE BANK P.O. BOX 60500 CITY OF INDUSTRY, CA 91716** | | | Credit Card Charges | | | | $490.00 |
| Additional Contacts for **CREDIT ONE BANK**: <br><br> **CREDIT ONE BANK P.O. BOX 98872 LAS VEGAS, NV 89193** | | | | | | | |
| **ACCOUNT NO.      1573** <br> **DR. DON C. KALANT & ASSOCIATES C/O RENAISSANCE RECOVERY SERVICES, INC. P.O. BOX 1095 PARK RIDGE, IL 60068** | | | Medical Services | | | | $60.00 |

Subtotal▶ | $ | **799.00**

__2__ continuation sheets attached

Total▶ | $
(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.)

In re **GLEN MICHAEL THOMPSON**_____,                    Case No. _____
                          **Debtor**                                                                      **(if known)**

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Additional Contacts for DR. DON C. KALANT & ASSOCIATES (1573): | | | | | | | |
| **ABC CREDIT & RECOVERY SE** **4736 MAIN ST.** **LISLE, IL 60532** | | | | | | | |
| ACCOUNT NO. | | | | | | | |
| **MORRIS HOSPITAL** **150 W. HIGH ST.** **MORRIS, IL 60450** | | | **Medical Services** | | | | $3,022.22 |
| Additional Contacts for MORRIS HOSPITAL: | | | | | | | |
| **MORRIS HOSPITAL** **C/O MICHAEL R. NAUGHTON** **P.O. BOX 10** **MANHATTAN, IL 60442** **CREDITOR'S DISCOUNT AND AUDIT** **P.O. BOX 213** **STREATOR, IL 61364** | | | **MIRAMED REVENUE GROUP** **991 OAK CREEK DR.** **LOMBARD, IL 60148** | | | | |
| ACCOUNT NO. | | | | | | | |
| **NICOR** **P.O. BOX 190** **AURORA, IL 60507** | | | **UTILITY** | | | | $1,051.65 |

Sheet no.__**1**__of __**2**__ continuation sheets attached
to Schedule of Creditors Holding Unsecured
Nonpriority Claims

Subtotal▶  $    **4,073.87**

Total▶  $
(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable on the Statistical
Summary of Certain Liabilities and Related Data.)

B 6F (Official Form 6F) (12/07) - Cont.

In re **GLEN MICHAEL THOMPSON** _____ ,        Case No. _____
    **Debtor**                                                    **(if known)**

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| **ACCOUNT NO.** | | | | | | | |
| **ONYX ACCEPTANCE CORPORATION 120 CORPORATE BLVD. NORFOLK, VA 23502** | | | **Medical Services** | | | | $5,070.00 |
| **ACCOUNT NO.** | | | | | | | |
| **WEBBANK/FINGERHUT 6250 RIDGEWOOD RD. SAINT CLOUD, MN 56303** | | | **Credit Card Charges** | | | | $2,501.71 |
| | | | | | | | |
| | | | | | | | |

Sheet no. __**2**__ of __**2**__ continuation sheets attached
to Schedule of Creditors Holding Unsecured
Nonpriority Claims

Subtotal► $ **7,571.71**

Total► $ **12,444.58**
(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable on the Statistical
Summary of Certain Liabilities and Related Data.)

B 6G (Official Form 6G) (12/07)

In re **GLEN MICHAEL THOMPSON,** _____     Case No. _____
                          **Debtor**                                             **(if known)**

# SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

☐ Check this box if debtor has no executory contracts or unexpired leases.

| NAME AND MAILING ADDRESS, INCLUDING ZIP CODE, OF OTHER PARTIES TO LEASE OR CONTRACT. | DESCRIPTION OF CONTRACT OR LEASE AND NATURE OF DEBTOR'S INTEREST. STATE WHETHER LEASE IS FOR NONRESIDENTIAL REAL PROPERTY. STATE CONTRACT NUMBER OF ANY GOVERNMENT CONTRACT. |
|---|---|
| | |

B 6H (Official Form 6H) (12/07)

**In re  GLEN MICHAEL THOMPSON,**                        **Case No.** _____
                            **Debtor**                                                         **(if known)**

# SCHEDULE H - CODEBTORS

☒ Check this box if debtor has no codebtors.

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |

**Fill in this information to identify your case:**

| | |
|---|---|
| Debtor 1 | **GLEN MICHAEL THOMPSON** |
| | First Name          Middle Name          Last Name |
| Debtor 2 | |
| (Spouse, if filing) | First Name          Middle Name          Last Name |
| United States Bankruptcy Court for: | **Northern District of Illinois** |
| Case number (If known) | _____ |

Check if this is:

☐ An amended filing

☐ A supplement showing post-petition chapter 13 income as of the following date:

_____
MM / DD / YYYY

## Official Form B 6I

# Schedule I: Your Income

12/13

Be as complete and accurate as possible. If two married people are filing together (Debtor 1 and Debtor 2), both are equally responsible for supplying correct information. If you are married and not filing jointly, and your spouse is living with you, include information about your spouse. If you are separated and your spouse is not filing with you, do not include information about your spouse. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

## Part 1:   Describe Employment

**1. Fill in your employment information.**

If you have more than one job, attach a separate page with information about additional employers.

Include part-time, seasonal, or self-employed work.

Occupation may Include student or homemaker, if it applies.

| | Debtor 1 | Debtor 2 or non-filing spouse |
|---|---|---|
| Employment status | ☒ Employed  ☐ Not employed | ☐ Employed  ☐ Not employed |
| Occupation | **PRODUCTION MANAGER** | _____ |
| Employer's name | **NORTH AMERICAN STAINLESS** | _____ |
| Employer's address | **801 TWIN RAIL DRIVE** | _____ |
| | Number   Street | Number   Street |
| | | |
| | **MINOOKA, IL 60447** | _____ |
| | City          State   ZIP Code | City          State   ZIP Code |
| How long employed there? | **10 YEARS** | _____ |

## Part 2:   Give Details About Monthly Income

Estimate monthly income as of the date you file this form. If you have nothing to report for any line, write $0 in the space. Include your non-filing spouse unless you are separated.

If you or your non-filing spouse have more than one employer, combine the information for all employers for that person on the lines below. If you need more space, attach a separate sheet to this form.

| | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|
| 2. List monthly gross wages, salary, and commissions (before all payroll deductions). If not paid monthly, calculate what the monthly wage would be. | 2. $ **5,069.66** | $ **0.00** |
| 3. Estimate and list monthly overtime pay. | 3. + $ **0.00** | + $ **0.00** |
| 4. Calculate gross income. Add line 2 + line 3. | 4. $ **5,069.66** | $ **0.00** |

Debtor 1   **GLEN MICHAEL THOMPSON**
First Name        Middle Name        Last Name

Case number (if known)_____

|  | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|
| Copy line 4 here ......................................................➔ 4. | $ **5,069.66** | $ **0.00** |

5. **List all payroll deductions:**

|  |  | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|
| 5a. Tax, Medicare, and Social Security deductions | 5a. | $ **1,348.68** | $ **0.00** |
| 5b. Mandatory contributions for retirement plans | 5b. | $ **0.00** | $ **0.00** |
| 5c. Voluntary contributions for retirement plans | 5c. | $ **0.00** | $ **0.00** |
| 5d. Required repayments of retirement fund loans | 5d. | $ **0.00** | $ **0.00** |
| 5e. Insurance | 5e. | $ **21.00** | $ **0.00** |
| 5f. Domestic support obligations | 5f. | $ **0.00** | $ **0.00** |
| 5g. Union dues | 5g. | $ **0.00** | $ **0.00** |
| 5h. Other deductions. Specify: _____ | 5h. | + $ **0.00** | + $ **0.00** |

6. **Add the payroll deductions.** Add lines 5a + 5b + 5c + 5d + 5e +5f + 5g +5h.   6.   $ **1,369.68**   $ **0.00**

7. **Calculate total monthly take-home pay.** Subtract line 6 from line 4.   7.   $ **3,699.98**   $ **0.00**

8. **List all other income regularly received:**

8a. **Net income from rental property and from operating a business, profession, or farm**
Attach a statement for each property and business showing gross receipts, ordinary and necessary business expenses, and the total monthly net income.   8a.   $ **0.00**   $ **0.00**

8b. **Interest and dividends**   8b.   $ **0.00**   $ **0.00**

8c. **Family support payments that you, a non-filing spouse, or a dependent regularly receive**
Include alimony, spousal support, child support, maintenance, divorce settlement, and property settlement.   8c.   $ **0.00**   $ **0.00**

8d. **Unemployment compensation**   8d.   $ **0.00**   $ **0.00**

8e. **Social Security**   8e.   $ **0.00**   $ **0.00**

8f. **Other government assistance that you regularly receive**
Include cash assistance and the value (if known) of any non-cash assistance that you receive, such as food stamps (benefits under the Supplemental Nutrition Assistance Program) or housing subsidies.
Specify: _____   8f.   $ **0.00**   $ **0.00**

8g. **Pension or retirement income**   8g.   $ **0.00**   $ **0.00**

8h. **Other monthly income.** Specify: _____   8h.   + $ **0.00**   +$ **0.00**

9. **Add all other income.** Add lines 8a + 8b + 8c + 8d + 8e + 8f +8g + 8h.   9.   $ **0.00**   $ **0.00**

10. **Calculate monthly income.** Add line 7 + line 9.
Add the entries in line 10 for Debtor 1 and Debtor 2 or non-filing spouse.   10.   $ **3,699.98**   **+**   $ **0.00**   **=**   $ **3,699.98**

11. **State all other regular contributions to the expenses that you list in** *Schedule J.*
Include contributions from an unmarried partner, members of your household, your dependents, your roommates, and other friends or relatives.
Do not include any amounts already included in lines 2-10 or amounts that are not available to pay expenses listed in *Schedule J.*
Specify: _____   11.   + $ **0.00**

12. **Add the amount in the last column of line 10 to the amount in line 11.** The result is the combined monthly income.
Write that amount on the *Summary of Schedules* and *Statistical Summary of Certain Liabilities and Related Data,* if it applies   12.   $ **3,699.98**

**Combined monthly income**

13. **Do you expect an increase or decrease within the year after you file this form?**
☐ No.
☐ Yes. Explain:

_____

**Fill in this information to identify your case:**

Debtor 1        **GLEN MICHAEL THOMPSON**
                First Name                    Middle Name              Last Name

Debtor 2
(Spouse, if filing)  First Name              Middle Name              Last Name

United States Bankruptcy Court for : **Northern District of Illinois**

Case number
(If known)  _____

Check if this is:

☐ An amended filing

☐ A supplement showing post-petition chapter 13 expenses as of the following date:
   _____
   MM / DD / YYYY

☐ A separate filing for Debtor 2 because Debtor 2 maintains a separate household

Official Form B 6J

# Schedule J: Your Expenses

12/13

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach another sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

## Part 1:    Describe Your Household

1. **Is this a joint case?**

   ☒ No.  Go to line 2.
   ☐ Yes. **Does Debtor 2 live in a separate household?**

      ☒ No
      ☐ Yes. Debtor 2 must file a separate Schedule J.

2. **Do you have dependents?**

   Do not list Debtor 1 and Debtor 2.

   Do not state the dependents' names.

   ☒ No
   ☐ Yes. Fill out this information for each dependent..........................

   | Dependent's relationship to Debtor 1 or Debtor 2 | Dependent's age | Does dependent live with you? |
   |---|---|---|
   | _____ | _____ | ☐ No  ☐ Yes |
   | _____ | _____ | ☐ No  ☐ Yes |
   | _____ | _____ | ☐ No  ☐ Yes |
   | _____ | _____ | ☐ No  ☐ Yes |
   | _____ | _____ | ☐ No  ☐ Yes |

3. **Do your expenses include expenses of people other than yourself and your dependents?**

   ☒ No
   ☐ Yes

## Part 2:    Estimate Your Ongoing Monthly Expenses

Estimate your expenses as of your bankruptcy filing date unless you are using this form as a supplement in a Chapter 13 case to report expenses as of a date after the bankruptcy is filed. If this is a supplemental *Schedule J*, check the box at the top of the form and fill in the applicable date.

Include expenses paid for with non-cash government assistance if you know the value of such assistance and have included it on *Schedule I: Your Income* (Official Form B 6I).

|  | Your expenses |
|---|---|

4. **The rental or home ownership expenses for your residence.** Include first mortgage payments and any rent for the ground or lot.    4.  $ **650.00**

   If not included in line 4:

   4a. Real estate taxes    4a.  $ **0.00**

   4b. Property, homeowner's, or renter's insurance    4b.  $ **30.00**

   4c. Home maintenance, repair, and upkeep expenses    4c.  $ **100.00**

   4d. Homeowner's association or condominium dues    4d.  $ **0.00**

| Debtor 1 | **GLEN MICHAEL THOMPSON** | | Case number (if known)_____ |
|---|---|---|---|
| | First Name   Middle Name   Last Name | | |

| | | **Your expenses** |
|---|---|---|

| | | | |
|---|---|---|---|
| 5. | **Additional mortgage payments for your residence**, such as home equity loans | 5. | $ 0.00 |
| 6. | **Utilities:** | | |
| | 6a.   Electricity, heat, natural gas | 6a. | $ 150.00 |
| | 6b.   Water, sewer, garbage collection | 6b. | $ 100.00 |
| | 6c.   Telephone, cell phone, Internet, satellite, and cable services | 6c. | $ 125.00 |
| | 6d.   Other. Specify: **CABLE AND INTERNET** | 6d. | $ 170.00 |
| 7. | **Food and housekeeping supplies** | 7. | $ 400.00 |
| 8. | **Childcare and children's education costs** | 8. | $ 0.00 |
| 9. | **Clothing, laundry, and dry cleaning** | 9. | $ 100.00 |
| 10. | **Personal care products and services** | 10. | $ 100.00 |
| 11. | **Medical and dental expenses** | 11. | $ 100.00 |
| 12. | **Transportation.** Include gas, maintenance, bus or train fare. Do not include car payments. | 12. | $ 200.00 |
| 13. | **Entertainment, clubs, recreation, newspapers, magazines, and books** | 13. | $ 100.00 |
| 14. | **Charitable contributions and religious donations** | 14. | $ 0.00 |
| 15. | **Insurance.** Do not include insurance deducted from your pay or included in lines 4 or 20. | | |
| | 15a.   Life insurance | 15a. | $ 0.00 |
| | 15b.   Health insurance | 15b. | $ 0.00 |
| | 15c.   Vehicle insurance | 15c. | $ 80.00 |
| | 15d.   Other insurance. Specify:_____ | 15d. | $ 0.00 |
| 16. | **Taxes.** Do not include taxes deducted from your pay or included in lines 4 or 20. Specify: _____ | 16. | $ 0.00 |
| 17. | **Installment or lease payments:** | | |
| | 17a.   Car payments for Vehicle 1 | 17a. | $ 0.00 |
| | 17b.   Car payments for Vehicle 2 | 17b. | $ 0.00 |
| | 17c.   Other. Specify:_____ | 17c. | $ |
| | 17d.   Other. Specify:_____ | 17d. | $ |
| 18. | **Your payments of alimony, maintenance, and support that you did not report as deducted from your pay on line 5, *Schedule I, Your Income* (Official Form B 6I).** | 18. | $ 0.00 |
| 19. | **Other payments you make to support others who do not live with you.** Specify:_____ | 19. | $ 0.00 |
| 20. | **Other real property expenses not included in lines 4 or 5 of this form or on *Schedule I: Your Income.*** | | |
| | 20a.   Mortgages on other property | 20a. | $ 0.00 |
| | 20b.   Real estate taxes | 20b. | $ 0.00 |
| | 20c.   Property, homeowner's, or renter's insurance | 20c. | $ 0.00 |
| | 20d.   Maintenance, repair, and upkeep expenses | 20d. | $ 0.00 |
| | 20e.   Homeowner's association or condominium dues | 20e. | $ 0.00 |

Debtor 1    **GLEN MICHAEL THOMPSON**
First Name        Middle Name            Last Name

Case number (*if known*)_____

---

21.  **Other**. Specify: _____   21.    +$ 0.00 _____

22.  **Your monthly expenses.** Add lines 4 through 21.
     The result is your monthly expenses.                          22.    $ 2,405.00 _____

23.  **Calculate your monthly net income.**

     23a.  Copy line 12 (*your combined monthly income*) from *Schedule I*.    23a.    $ 3,700.00 _____

     23b.  Copy your monthly expenses from line 22 above.         23b.    – $ 2,405.00 _____

     23c.  Subtract your monthly expenses from your monthly income.
           The result is your *monthly net income*.               23c.    $ 1,295.00 _____

24.  **Do you expect an increase or decrease in your expenses within the year after you file this form?**

     For example, do you expect to finish paying for your car loan within the year or do you expect your
     mortgage payment to increase or decrease because of a modification to the terms of your mortgage?

     ❑ No.
     ❑ Yes.    Explain here:

---

B 6 Summary (Official Form 6 - Summary) (12/13)

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS

In re

__GLEN MICHAEL THOMPSON_____,
                    *Debtor*

Case No. _____

Chapter __13_____

# SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each.  Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided.  Add the amounts from Schedules A and B to determine the total amount of the debtor's assets.  Add the amounts of all claims from Schedules D, E, and F to determine the total amount of the debtor's liabilities.  Individual debtors also must complete the "Statistical Summary of Certain Liabilities and Related Data" if they file a case under chapter 7, 11, or 13.

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NO. OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A - Real Property | | | $ 0.00 | | |
| B - Personal Property | | | $ 21,349.00 | | |
| C - Property Claimed as Exempt | | | | | |
| D - Creditors Holding Secured Claims | | | | $ 31,702.00 | |
| E - Creditors Holding Unsecured Priority Claims (Total of Claims on Schedule E) | | | | $ 3,855.50 | |
| F - Creditors Holding Unsecured Nonpriority Claims | | | | $ 12,444.58 | |
| G - Executory Contracts and Unexpired Leases | | | | | |
| H - Codebtors | | | | | |
| I - Current Income of Individual Debtor(s) | | | | | $ 3,699.98 |
| J - Current Expenditures of Individual Debtors(s) | | | | | $ 2,405.00 |
| TOTAL | | 0 | $ 21,349.00 | $ 48,002.08 | |

B 6 Summary (Official Form 6 - Summary) (12/13)

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF ILLINOIS

In re                                                    Case No. _____

**GLEN MICHAEL THOMPSON**_____,
              *Debtor*                                   Chapter **13**_____

## STATISTICAL SUMMARY OF CERTAIN LIABILITIES AND RELATED DATA (28 U.S.C. § 159)

If you are an individual debtor whose debts are primarily consumer debts, as defined in § 101(8) of the Bankruptcy Code (11 U.S.C. § 101(8)), filing a case under chapter 7, 11 or 13, you must report all information requested below.

☐ Check this box if you are an individual debtor whose debts are NOT primarily consumer debts.  You are not required to report any information here.

**This information is for statistical purposes only under 28 U.S.C. § 159.**

**Summarize the following types of liabilities, as reported in the Schedules, and total them.**

| Type of Liability | Amount | |
|---|---|---|
| Domestic Support Obligations (from Schedule E) | $ | 0.00 |
| Taxes and Certain Other Debts Owed to Governmental Units (from Schedule E) | $ | 3,855.50 |
| Claims for Death or Personal Injury While Debtor Was Intoxicated (from Schedule E) (whether disputed or undisputed) | $ | 0.00 |
| Student Loan Obligations (from Schedule F) | $ | 0.00 |
| Domestic Support, Separation Agreement, and Divorce Decree Obligations Not Reported on Schedule E | $ | 0.00 |
| Obligations to Pension or  Profit-Sharing, and Other Similar Obligations (from Schedule F) | $ | 0.00 |
| TOTAL | $ | 3,855.50 |

**State the following:**

| | | |
|---|---|---|
| Average Income  (from Schedule I, Line 12) | $ | 3,699.98 |
| Average Expenses (from Schedule J, Line 22) | $ | 2,405.00 |
| Current Monthly Income (from Form 22A Line 12; **OR**, Form 22B Line 11; **OR**, Form 22C Line 20 ) | $ | 5,069.66 |

**State the following:**

| | | | | |
|---|---|---|---|---|
| 1.  Total from Schedule D, "UNSECURED PORTION, IF ANY" column | | | $ | 4,192.00 |
| 2.  Total from Schedule E, "AMOUNT ENTITLED TO PRIORITY" column. | $ | 3,855.50 | | |
| 3.  Total from Schedule E, "AMOUNT NOT ENTITLED TO PRIORITY, IF ANY" column | | | $ | 0.00 |
| 4.  Total from Schedule F | | | $ | 12,444.58 |
| 5.  Total of non-priority unsecured debt (sum of 1, 3, and 4) | | | $ | 16,636.58 |

In re  __GLEN MICHAEL THOMPSON_____ ,   Case No. _____
       **Debtor**                                                       **(if known)**

# DECLARATION CONCERNING DEBTOR'S SCHEDULES

### DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

    I declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of __15__ sheets, and that they are true and correct to the best of my knowledge, information, and belief.

Date __July 21, 2014_____          Signature: __s/GLENN MICHAEL THOMPSON_____
                                                        **GLEN MICHAEL THOMPSON**Debtor

Date _____       Signature: _____
                                                             (Joint Debtor, if any)

                                          [If joint case, both spouses must sign.]

---

### DECLARATION AND SIGNATURE OF NON-ATTORNEY BANKRUPTCY PETITION PREPARER (See 11 U.S.C. § 110)

    I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h) and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required by that section.

_____     _____
Printed or Typed Name and Title, if any,                       Social Security No.
of Bankruptcy Petition Preparer                           *(Required by 11 U.S.C. § 110.)*

*If the bankruptcy petition preparer is not an individual, state the name, title (if any), address, and social security number of the officer, principal, responsible person, or partner who signs this document.*

_____
_____
_____
Address

X _____     _____
  Signature of Bankruptcy Petition Preparer                 Date

Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document, unless the bankruptcy petition preparer is not an individual:

*If more than one person prepared this document, attach additional signed sheets conforming to the appropriate Official Form for each person.*

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156.*

---

### DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF A CORPORATION OR PARTNERSHIP

    I, the _____ [the president or other officer or an authorized agent of the corporation or a member or an authorized agent of the partnership ] of the _____ [corporation or partnership] named as debtor in this case, declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of _____ sheets (*Total shown on summary page plus 1*), and that they are true and correct to the best of my knowledge, information, and belief.

Date _____

                                   Signature: _____

                                            _____
                                          [Print or type name of individual signing on behalf of debtor.]

*[An individual signing on behalf of a partnership or corporation must indicate position or relationship to debtor.]*

---

*Penalty for making a false statement or concealing property: Fine of up to $500,000 or imprisonment for up to 5 years or both. 18 U.S.C. §§ 152 and 3571.*

B 1D (Official Form 1, Exhibit D) (12/09)

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS

In re  GLEN MICHAEL THOMPSON                           Case No. _____
                Debtor

## EXHIBIT D - INDIVIDUAL DEBTOR'S STATEMENT OF COMPLIANCE WITH
## CREDIT COUNSELING REQUIREMENT

**Warning: You must be able to check truthfully one of the five statements regarding credit counseling listed below. If you cannot do so, you are not eligible to file a bankruptcy case, and the court can dismiss any case you do file. If that happens, you will lose whatever filing fee you paid, and your creditors will be able to resume collection activities against you. If your case is dismissed and you file another bankruptcy case later, you may be required to pay a second filing fee and you may have to take extra steps to stop creditors' collection activities.**

*Every individual debtor must file this Exhibit D. If a joint petition is filed, each spouse must complete and file a separate Exhibit D. Check one of the five statements below and attach any documents as directed.*

☒ 1. Within the 180 days **before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, and I have a certificate from the agency describing the services provided to me. *Attach a copy of the certificate and a copy of any debt repayment plan developed through the agency.*

❏ 2. Within the 180 days **before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, but I do not have a certificate from the agency describing the services provided to me. *You must file a copy of a certificate from the agency describing the services provided to you and a copy of any debt repayment plan developed through the agency no later than 15 days after your bankruptcy case is filed.*

**B 1D** (Official Form 1, Exh. D) (12/09) – Cont.

❒ 3. I certify that I requested credit counseling services from an approved agency but was unable to obtain the services during the five days from the time I made my request, and the following exigent circumstances merit a temporary waiver of the credit counseling requirement so I can file my bankruptcy case now.

**If your certification is satisfactory to the court, you must still obtain the credit counseling briefing within the first 30 days after you file your bankruptcy petition and promptly file a certificate from the agency that provided the counseling, together with a copy of any debt management plan developed through the agency. Failure to fulfill these requirements may result in dismissal of your case. Any extension of the 30-day deadline can be granted only for cause and is limited to a maximum of 15 days. Your case may also be dismissed if the court is not satisfied with your reasons for filing your bankruptcy case without first receiving a credit counseling briefing.**

❒ 4. I am not required to receive a credit counseling briefing because of:

❒ Incapacity. (Defined in 11 U.S.C. § 109(h)(4) as impaired by reason of mental illness or mental deficiency so as to be incapable of realizing and making rational decisions with respect to financial responsibilities.);
❒ Disability. (Defined in 11 U.S.C. § 109(h)(4) as physically impaired to the extent of being unable, after reasonable effort, to participate in a credit counseling briefing in person, by telephone, or through the Internet.**);**
❒ Active military duty in a military combat zone.

❒ 5. The United States trustee or bankruptcy administrator has determined that the credit counseling requirement of 11 U.S.C. ' 109(h) does not apply in this district**.**

**I certify under penalty of perjury that the information provided above is true and correct.**

Signature of Debtor:  s/GLENN MICHAEL THOMPSON _____

Date: July 21, 2014 _____

B 7 (Official Form 7) (04/13)

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF ILLINOIS

In re: GLEN MICHAEL THOMPSON _____     Case No _____
Debtor                                                                                (if known)

## STATEMENT OF FINANCIAL AFFAIRS

**1. Income from employment or operation of business**

None ☐

State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business, including part-time activities either as an employee or in independent trade or business, from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the **two years** immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

|  | AMOUNT | SOURCE |
|---|---|---|
| **Debtor:** | | |
| Current Year (2014): | | |
| Previous Year 1 (2013): | $60,100.00 | EMPLOYMENT |
| Previous Year 2 (2012): | $50,831.00 | EMPLOYMENT |
| **Spouse:** | N/A | |

**2. Income other than from employment or operation of business**

None ☒

State the amount of income received by the debtor other than from employment, trade, profession, operation of the debtor's business during the **two years** immediately preceding the commencement of this case. Give particulars. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

AMOUNT                                          SOURCE

**3. Payments to creditors**

***Complete a. or b., as appropriate, and c.***

None ☒

a. *Individual or joint debtor(s) with primarily consumer debts:* List all payments on loans, installment purchases of goods or services, and other debts to any creditor made within **90 days** immediately preceding the commencement of

this case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $600. Indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

Debtor:
Spouse:
N/A

None
☒

*b. Debtor whose debts are not primarily consumer debts:* List each payment or other transfer to any creditor made within **90 days** immediately preceding the commencement of the case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $6,225*. If the debtor is an individual, indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments and other transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS/ TRANSFERS | AMOUNT PAID OR VALUE OF TRANSFERS | AMOUNT STILL OWING |
|---|---|---|---|

None
☒

c. *All debtors:* List all payments made within **one year** immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR AND RELATIONSHIP TO DEBTOR | DATE OF PAYMENT | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

**4. Suits and administrative proceedings, executions, garnishments and attachments**

None
☐

a. List all suits and administrative proceedings to which the debtor is or was a party within **one year** immediately preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)separated and a joint petition is not filed.)

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|
| Debtor:<br>MORRIS HOSPITAL V. GLEN THOMPSON<br>Case Number: 2014 SC 446 | MEDICAL COLLECTIONS | GRUNDY COUNTY CIRCUIT COURT 111 E. WASHINGTON ST., | PRE-JUDGMENT |

---

* Amount subject to adjustment on 4/01/16, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

MORRIS, IL 60450

Spouse:
N/A

None ☒   b. Describe all property that has been attached, garnished or seized under any legal or equitable process within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON FOR WHOSE BENEFIT PROPERTY WAS SEIZED | DATE OF SEIZURE | DESCRIPTION AND VALUE OF PROPERTY |
| --- | --- | --- |

---

**5. Repossessions, foreclosures and returns**

None ☒   List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR OR SELLER | DATE OF REPOSSESSION, FORECLOSURE SALE, TRANSFER OR RETURN | DESCRIPTION AND VALUE OF PROPERTY |
| --- | --- | --- |

---

**6. Assignments and receiverships**

None ☒   a. Describe any assignment of property for the benefit of creditors made within **120 days** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF ASSIGNEE | DATE OF ASSIGNMENT | TERMS OF ASSIGNMENT OR SETTLEMENT |
| --- | --- | --- |

None ☒   b. List all property which has been in the hands of a custodian, receiver, or court-appointed official within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CUSTODIAN | NAME AND LOCATION OF COURT CASE TITLE & NUMBER | DATE OF ORDER | DESCRIPTION AND VALUE OF PROPERTY |
| --- | --- | --- | --- |

---

**7. Gifts**

None ☒    List all gifts or charitable contributions made within **one year** immediately preceding the commencement of this case except any ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient. (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON OR ORGANIZATION | RELATIONSHIP TO DEBTOR, IF ANY | DATE OF GIFT | DESCRIPTION AND VALUE OF GIFT |
|---|---|---|---|

---

### 8. Losses

None ☒    List all losses from fire, theft, other casualty or gambling within **one year** immediately preceding the commencement of this case **or since the commencement of this case**. (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| DESCRIPTION AND VALUE OF PROPERTY | DESCRIPTION OF CIRCUMSTANCES AND, IF LOSS WAS COVERED IN WHOLE OR IN PART BY INSURANCE, GIVE PARTICULARS | DATE OF LOSS |
|---|---|---|

---

### 9. Payments related to debt counseling or bankruptcy

None ☐    List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of a petition in bankruptcy within **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYER IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| Debtor:<br>MALMQUIST AND GEIGER<br>415 LIBERTY ST.<br>MORRIS, IL 60450 | 7/15/14 | $310.00<br>$310 FILING FEE |
| 001 DEBTOR CC, INC.<br>\*\*\*Bankruptcy dtr counseling payee address RTE\*\*\* | 7/8/14 | $10.00<br>$10 |

Spouse:
N/A

---

### 10. Other transfers

None ☒    a. List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within **two years** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses

whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF TRANSFEREE, RELATIONSHIP TO DEBTOR | DATE | DESCRIBE PROPERTY TRANSFERRED AND VALUE RECEIVED |
|---|---|---|

None ☒

b. List all property transferred by the debtor within **ten years** immediately preceding the commencement of this case to a self-settled trust or similar device of which the debtor is a beneficiary.

| NAME OF TRUST OR OTHER DEVICE | DATE(S) OF TRANSFER(S) | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY OR DEBTOR'S INTEREST IN PROPERTY |
|---|---|---|

---

**11. Closed financial accounts**

None ☒

List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within **one year** immediately preceding the commencement of this case. Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions. (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF INSTITUTION | TYPE OF ACCOUNT, LAST FOUR DIGITS OF ACCOUNT NUMBER, AND AMOUNT OF FINAL BALANCE | AMOUNT AND DATE OF SALE OR CLOSING |
|---|---|---|

---

**12. Safe deposit boxes**

None ☒

List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF BANK OR OTHER DEPOSITORY | NAMES AND ADDRESSES OF THOSE WITH ACCESS TO BOX OR DEPOSITORY | DESCRIPTION OF CONTENTS | DATE OF TRANSFER OR SURRENDER, IF ANY |
|---|---|---|---|

---

**13. Setoffs**

None ☒

List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within **90 days** preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATE OF SETOFF | AMOUNT OF SETOFF |
|---|---|---|

---

### 14. Property held for another person

None ☒

List all property owned by another person that the debtor holds or controls.

| NAME AND ADDRESS OF OWNER | DESCRIPTION AND VALUE OF PROPERTY | LOCATION OF PROPERTY |
|---|---|---|

---

### 15. Prior address of debtor

None ☒

If debtor has moved within **three years** immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separate address of either spouse.

| ADDRESS | NAME USED | DATES OF OCCUPANCY |
|---|---|---|

---

### 16. Spouses and Former Spouses

None ☒

If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within **eight years** immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state.

NAME

---

### 17. Environmental Information.

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state, or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes, or material.

Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to, disposal sites. "

"Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law.

None ☒

a. List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law. Indicate the

governmental unit, the date of the notice, and, if known, the Environmental Law:

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|

None
☒

b. List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|

None
☒

c. List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law with respect to which the debtor is or was a party. Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

| NAME AND ADDRESS OF GOVERNMENTAL UNIT | DOCKET NUMBER | STATUS OR DISPOSITION |
|---|---|---|

---

**18 . Nature, location and name of business**

None
☒

a. *If the debtor is an individual*, list the names, addresses, taxpayer-identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partner in a partnership, sole proprietor, or was self-employed in a trade, profession, or other activity either full- or part-time within **six years** immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

   *If the debtor is a partnership*, list the names, addresses, taxpayer-identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities, within **six years** immediately preceding the commencement of this case.

   *If the debtor is a corporation*, list the names, addresses, taxpayer-identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

| NAME | LAST FOUR DIGITS OF SOCIAL-SECURITY OR OTHER INDIVIDUAL TAXPAYER-I.D. NO (ITIN)/ COMPLETE EIN | ADDRESS | NATURE OF BUSINESS | BEGINNING AND ENDING DATES |
|---|---|---|---|---|

None
☒

b. Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. § 101.

| NAME | ADDRESS |
|---|---|

The following questions are to be completed by every debtor that is a corporation or partnership and by any individual debtor who is or has been, within **six years** immediately preceding the commencement of this case, any of the following: an officer, director, managing executive, or owner of more than 5 percent of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership, a sole proprietor, or self-employed in a trade, profession, or other activity, either full- or part-time.

*(An individual or joint debtor should complete this portion of the statement **only** if the debtor is or has been in business, as defined above, within six years immediately preceding the commencement of this case. A debtor who has not been in business within those six years should go directly to the signature page.)*

### 19. Books, records and financial statements

None
☒

a. List all bookkeepers and accountants who within **two years** immediately preceding the filing of this bankruptcy case kept or supervised the keeping of books of account and records of the debtor.

NAME AND ADDRESS                                                 DATES SERVICES RENDERED

None
☒

b. List all firms or individuals who within **two years** immediately preceding the filing of this bankruptcy case have audited the books of account and records, or prepared a financial statement of the debtor.

NAME                           ADDRESS                          DATES SERVICES RENDERED

None
☒

c. List all firms or individuals who at the time of the commencement of this case were in possession of the books of account and records of the debtor. If any of the books of account and records are not available, explain.

NAME                                           ADDRESS

None
☒

d. List all financial institutions, creditors and other parties, including mercantile and trade agencies, to whom a financial statement was issued by the debtor within **two years** immediately preceding the commencement of this case.

NAME AND ADDRESS                                                 DATE ISSUED

### 20. Inventories

None
☒

a. List the dates of the last two inventories taken of your property, the name of the person who supervised the taking of each inventory, and the dollar amount and basis of each inventory.

|  |  | DOLLAR AMOUNT OF INVENTORY (Specify cost, market or other |
|---|---|---|
| DATE OF INVENTORY | INVENTORY SUPERVISOR | basis) |

None
☒   b. List the name and address of the person having possession of the records of each of the inventories reported
in a., above.

NAME AND ADDRESSES
OF CUSTODIAN
DATE OF INVENTORY          OF INVENTORY RECORDS

---

**21. Current Partners, Officers, Directors and Shareholders**

None
☒   a. If the debtor is a partnership, list the nature and percentage of partnership interest of each member of the
partnership.

NAME AND ADDRESS          NATURE OF INTEREST          PERCENTAGE OF INTEREST

None
☒   b. If the debtor is a corporation, list all officers and directors of the corporation, and each stockholder who
directly or indirectly owns, controls, or holds 5 percent or more of the voting or equity securities of the
corporation.

NATURE AND PERCENTAGE
NAME AND ADDRESS          TITLE          OF STOCK OWNERSHIP

---

**22. Former partners, officers, directors and shareholders**

None
☒   a. If the debtor is a partnership, list each member who withdrew from the partnership within **one year** immediately
preceding the commencement of this case.

NAME          ADDRESS          DATE OF WITHDRAWAL

None
☒   b. If the debtor is a corporation, list all officers or directors whose relationship with the corporation terminated
within **one year** immediately preceding the commencement of this case.

NAME AND ADDRESS          TITLE          DATE OF TERMINATION

---

**23 . Withdrawals from a partnership or distributions by a corporation**

None
☒   If the debtor is a partnership or corporation, list all withdrawals or distributions credited or given to an insider,
including compensation in any form, bonuses, loans, stock redemptions, options exercised and any other perquisite
during **one year** immediately preceding the commencement of this case.

NAME & ADDRESS                              AMOUNT OF MONEY
OF RECIPIENT,          DATE AND PURPOSE          OR DESCRIPTION

RELATIONSHIP TO DEBTOR            OF WITHDRAWAL                  AND VALUE OF PROPERTY

**24. Tax Consolidation Group.**

None
☒

If the debtor is a corporation, list the name and federal taxpayer-identification number of the parent corporation of any consolidated group for tax purposes of which the debtor has been a member at any time within **six years** immediately preceding the commencement of the case.

NAME OF PARENT CORPORATION            TAXPAYER-IDENTIFICATION NUMBER (EIN)

**25. Pension Funds.**

None
☒

If the debtor is not an individual, list the name and federal taxpayer-identification number of any pension fund to which the debtor, as an employer, has been responsible for contributing at any time within **six years** immediately preceding the commencement of the case.

NAME OF PENSION FUND            TAXPAYER-IDENTIFICATION NUMBER (EIN)

* * * * * *

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct.

Date  July 21, 2014 _____

Signature
of Debtor      s/GLENN MICHAEL THOMPSON _____

Date  _____

Signature of
Joint Debtor
(if any)      _____

0 continuation sheets attached

*Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571*

B 1C (Official Form 1, Exhibit C) (9/01)
*[If, to the best of the debtor's knowledge, the debtor owns or has possession of property that poses or is alleged to pose a threat of imminent and identifiable harm to the public health or safety, attach this Exhibit "C" to the petition.]*

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS

In re  GLEN MICHAEL THOMPSON,_____     )     Case No. _____
                              Debtor               )
                                                         )
                                                         )     Chapter  13 _____

## EXHIBIT "C" TO VOLUNTARY PETITION

       1. Identify and briefly describe all real or personal property owned by or in possession of the debtor that, to the best of the debtor's knowledge, poses or is alleged to pose a threat of imminent and identifiable harm to the public health or safety (attach additional sheets if necessary):


       2. With respect to each parcel of real property or item of personal property identified in question 1, describe the nature and location of the dangerous condition, whether environmental or otherwise, that poses or is alleged to pose a threat of imminent and identifiable harm to the public health or safety (attach additional sheets if necessary):

# Attachment

**Attachment 1**

>**STREATOR ONIZED CREDIT UNION**

>**2006 PONTIAC GRAND PRIX (65K MILES, KBB TRADE-IN VALUE, GOOD CONDITION)**

**Attachment 2**

>**HARLEY DAVIDSON CREDIT CORP**

>**2007 HARLEY DAVISON FAT BOY MOTORCYCLE (KBB TRADE-IN VALUE)**

**Attachment 3: Future Payments**

>**Name of Creditor: NATIONWIDE LOANS**
>**Property Securing the Debt: HOUSEHOLD GOODS FOR A FAMILY OF ONE**
>**Average Monthly Payment: $0.00**
>**Does payment include taxes or insurance?: No**

>**Name of Creditor: HEIGHTS FINANCE**
>**Property Securing the Debt: HOUSEHOLD GOODS FOR A FAMILY OF ONE**
>**Average Monthly Payment: $0.00**
>**Does payment include taxes or insurance?: No**

B 203
(12/94)

# United States Bankruptcy Court

## NORTHERN DISTRICT OF ILLINOIS

In re

**GLEN MICHAEL THOMPSON**

Case No. _____

**Debtor**

Chapter **13**_____

## DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR

1. Pursuant to 11 U.S.C. § 329(a) and Fed. Bankr. P. 2016(b), I certify that I am the attorney for the above-named debtor(s) and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

   For legal services, I have agreed to accept  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ **4,000.00**_____

   Prior to the filing of this statement I have received  . . . . . . . . . . . . . . . . . . . . . . . . . . . $_____

   Balance Due  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ **4,000.00**_____

2. The source of the compensation paid to me was:

   ☒ Debtor          ☐ Other (specify)

3. The source of compensation to be paid to me is:

   ☐ Debtor          ☐ Other (specify)

4. ☒ I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

   ☐ I have agreed to share the above-disclosed compensation with a other person or persons who are not members or associates of my law firm.  A copy of the agreement, together with a list of the names of the people sharing in the compensation, is attached.

5. In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

   a. Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;

   b. Preparation and filing of any petition, schedules, statements of affairs and plan which may be required;

   c. Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;

**DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR (Continued)**

d.   ~~Representation of the debtor in adversary proceedings and other contested bankruptcy matters;~~ ----------------

e.   [Other provisions as needed]

6.   By agreement with the debtor(s), the above-disclosed fee does not include the following services:

---

CERTIFICATION

    I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceedings.

**July 21, 2014**
*Date*

**s/James M. Durkee**

**James M. Durkee**
*Signature of Attorney*

**Malmquist and Geiger**
*Name of law firm*

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS

In re                                                      Chapter 13

   GLEN MICHAEL THOMPSON                   Case No.

      Debtors.

# STATEMENT OF MONTHLY GROSS INCOME

The undersigned certifies the following is the debtor's monthly income.

| Income: | | Debtor |
|---|---|---|
| Six months ago | $ | 4,472.94 |
| **Five months ago** | $ | **4,472.94** |
| **Four months ago** | $ | **8,053.26** |
| **Three months ago** | $ | **4,472.94** |
| **Two months ago** | $ | **4,472.94** |
| **Last month** | $ | **4,472.94** |
| Total Gross income for six months preceding filing | $ | 30,417.96 |
| **Average Monthly Gross Income** | $ | **5,069.66** |

Dated:    July 21, 2014

                                   s/GLENN MICHAEL THOMPSON
                                   GLEN MICHAEL THOMPSON
                                   Debtor

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS

01/2012

IN RE:                                    )   Chapter  **13**
                                          )   Bankruptcy Case No.
   **GLEN MICHAEL THOMPSON**              )
                                          )
                                          )
   Debtor(s)                              )

### DECLARATION REGARDING  ELECTRONIC FILING
### PETITION AND ACCOMPANYING DOCUMENTS

#### DECLARATION OF PETITIONER(S)

A.      [To be completed in all  cases]

   I (We),   __**GLEN MICHAEL THOMPSON**__   and _____  _____
the undersigned debtor(s), corporate officer, partner, or member hereby declare under penalty
of perjury that (1) the information I(we) have given my (our) attorney is true and correct;(2)
 I(we) have  reviewed  the petition, statements, schedules, and other  documents being filed
with the petition; and (3) the  document s are true and correct.

B.      [To be checked and applicable only if the petition is for a corporation or other limited
        liability entity.]

   ☐  I, _____, the undersigned, further declare under penalty of
        perjury that I have been authorized to file this petition on behalf of the debtor.


__**GLEN MICHAEL THOMPSON**_____      _____
Printed or Typed Name of Debtor or Representative      Printed or Typed Name of Joint Debtor


__**s/GLENN MICHAEL THOMPSON**_____      _____
Signature of Debtor or Representative                  Signature of Joint Debtor


__**July 21, 2014**_____      _____
Date                                                   Date

B 201B (Form 201B) (12/09)

# UNITED STATES BANKRUPTCY COURT

### NORTHERN DISTRICT OF ILLINOIS

In re  **GLEN MICHAEL THOMPSON**

_____
Debtor

Case No. _____

Chapter **13**_____

# CERTIFICATION OF NOTICE TO CONSUMER DEBTOR(S)
# UNDER § 342(b) OF THE BANKRUPTCY CODE

### Certification of [Non-Attorney] Bankruptcy Petition Preparer

I, the [non-attorney] bankruptcy petition preparer signing the debtor's petition, hereby certify that I delivered to the debtor the attached notice, as required by § 342(b) of the Bankruptcy Code.

_____      _____
Printed name and title, if any, of Bankruptcy Petition Preparer      Social Security number (If the bankruptcy petition
Address:      preparer is not an individual, state the Social Security
number of the officer, principal, responsible person, or
partner of the bankruptcy petition preparer.)  (Required
by 11 U.S.C. § 110.)

X_____

Signature of Bankruptcy Petition Preparer or officer,
principal, responsible person, or partner whose Social
Security number is provided above.

### Certification of the Debtor

I (We), the debtor(s), affirm that I (we) have received and read the attached notice, as required by § 342(b) of the Bankruptcy Code.

**GLEN MICHAEL THOMPSON**_____      X **s/GLENN MICHAEL THOMPSON July 21, 2014**____
Printed Name(s) of Debtor(s)      Signature of Debtor                              Date

Case No. (if known) _____      X **s/**_____ **July 21, 2014**____
                                                                  Signature of Joint Debtor (if any)              Date

_____

**Instructions:** Attach a copy of Form B 201A, Notice to Consumer Debtor(s) Under § 342(b) of the Bankruptcy Code.

Use this form to certify that the debtor has received the notice required by 11 U.S.C. § 342(b) **only** if the certification has **NOT** been made on the Voluntary Petition, Official Form B1.  Exhibit B on page 2 of Form B1 contains a certification by the debtor's attorney that the attorney has given the notice to the debtor.  The Declarations made by debtors and bankruptcy petition preparers on page 3 of Form B1 also include this certification.

ABC CREDIT & RECOVERY SE
4736 MAIN ST.
LISLE, IL 60532


ANN MARIE STRUCK DDS
C/O CAPITAL ACCOUNTS
P.O. BOX 140065
NASHVILLE, TN 37214


CREDIT ONE BANK
P.O. BOX 60500
CITY OF INDUSTRY, CA 91716


CREDIT ONE BANK
P.O. BOX 98872
LAS VEGAS, NV 89193


CREDITOR'S DISCOUNT AND AUDIT
P.O. BOX 213
STREATOR, IL 61364


DR. DON C. KALANT & ASSOCIATES
C/O RENAISSANCE RECOVERY SERVICES, INC.
P.O. BOX 1095
PARK RIDGE, IL 60068


GRUNDY COUNTY STATE'S ATTORNEY'S OFFICE
111 E. WASHINGTON ST.
MORRIS, IL 60450


HARLEY DAVIDSON CREDIT
3850 ARROWHEAD LN.
CARSON CITY, NV 89706


HARLEY DAVIDSON CREDIT CORP
DEPT. 15129
PALATINE, IL 60055

HEIGHTS FINANCE
1145 ESSINGTON RD.
JOLIET, IL 60435


HEIGHTS FINANCE CORP
7707 N. KNOXVILLE AVE.
PEORIA, IL 61614


ILLINOIS DEPARTMENT OF REVENUE
BANKRUPTCY SECTION
P.O. BOX 64338
CHICAGO, IL 60664-0338


INTERNAL REVENUE SERVICE
P.O. BOX 7346
PHILADELPHIA, PA 19101


MIRAMED REVENUE GROUP
991 OAK CREEK DR.
LOMBARD, IL 60148


MORRIS HOSPITAL
150 W. HIGH ST.
MORRIS, IL 60450


MORRIS HOSPITAL
C/O MICHAEL R. NAUGHTON
P.O. BOX 10
MANHATTAN, IL 60442


NATIONWIDE LOANS
P.O. BOX 410635
CHICAGO, IL 60641-0635


NICOR
P.O. BOX 190
AURORA, IL 60507

ONYX ACCEPTANCE CORPORATION
120 CORPORATE BLVD.
NORFOLK, VA 23502


PIONEER CREDIT RECOVERY, INC.
197 SW WATERFORD CT.
LAKE CITY, FL 32025


SPRINGLEAF
2149 W. JEFFERSON ST.
JOLIET, IL 60435


STREATOR ONIZED CREDIT UNION
912 NORTH SHABBONA ST.
STREATOR, IL 61364


WEBBANK/FINGERHUT
6250 RIDGEWOOD RD.
SAINT CLOUD, MN 56303

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF ILLINOIS**

In Re:                                          Bankruptcy Case Number:          _____

**GLEN MICHAEL THOMPSON**

**VERIFICATION OF CREDITOR MATRIX**

Number of Creditors:        _____

The above named Debtor(s) hereby verifies that the list of creditors is true and correct to the best of my (our) knowledge.

Dated:        **July 21, 2014**                    **s/GLENN MICHAEL THOMPSON**_____

                                                                     Debtor

                                                  _____

                                                                     Joint Debtor